UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**STACEY BARRETT,**

    **Plaintiff,**

v.                                                                                    Case No:

**SOUTHERN FINANCE
ADJUSTERS, INC. and
FIFTH THIRD BANK**,                                          **DEMAND FOR JURY TRIAL**

    **Defendants.**
_____/

**PLAINTIFF'S COMPLAINT
WITH INJUNCTIVE RELIEF SOUGHT**

    **COMES NOW**, Plaintiff, **STACEY BARRETT** ("Ms. Barrett" or "Plaintiff"), by and through the undersigned counsel, and hereby sues and files this Complaint and Demand for Jury Trial with Injunctive Relief Sought against Defendants, **SOUTHERN FINANCE ADJUSTERS, INC.** ("Debt Collector"), and **FIFTH THIRD BANK** ("Debt Owner") (collectively "Defendants"), and in support thereof states as follows:

*Introduction*

    1.    This action arises out of an alleged "Debt" or "Consumer Debt" as defined by Fla. Stat. § 559.55 (6) and Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et. seq.* ("FDCPA"), and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.72 *et. seq.* ("FCCPA"). This action also arises out of Defendants' invasion of Ms. Barrett's privacy in repeatedly harassing Ms. Barrett at her place of employment and home in attempts to collect a Debt owed by Ms. Barrett's deceased mother even after Ms. Barrett demanded orally and in writing that Defendant's

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Barrett v. Southern Finance Adjusters, Inc. and Fifth Third Bank*
Page **1** of **15**

stop contacting her in attempts to collect the Debt, the natural consequence of which is to harass, oppress, or abuse Ms. Barrett.

### *Jurisdiction and Venue*

2. This Court has subject matter jurisdiction over the instant case under 28 U.S.C. §1331.

3. Jurisdiction of this Court also arises under 15 U.S.C. § 1692k (d) and Fla. Stat. § 559.77 (1).

4. Venue lies in this District pursuant to 28 U.S.C. § 1391 (b), as a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

### *Parties*

5. Plaintiff, Ms. Barrett, was and is a natural person and, at all times material hereto, is an adult, a resident of Marion County, Florida, a "consumer" as defined by 15 U.S.C. § 1692a (3), and a "debtor" or "consumer" as defined by Fla. Stat. § 559.55 (8).

6. Ms. Barrett is an "alleged debtor" within the definition of Fla. Stat. § 559.55 (8).

7. At all times material hereto, Debt Collector was and is a corporation with its principle place of business in the State of FL and its registered agent, BERNITA STRAUSSER, located at 8593 SE 126th Place, Belleview, FL 34420.

8. Further, at all times material hereto, Debt Collector is a "Consumer Collection Agency" as defined by Fla. Stat. § 559.55 (3) and/or a "Debt Collector" as defined by Fla. Stat. § 559.55 (7).

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Barrett v. Southern Finance Adjusters, Inc. and Fifth Third Bank*
Page **2** of **15**

9. At all times material hereto, Debt Owner was and is an active bank with its principle place of business in the State of OH and its registered agent, CORPORATION SERVICE COMPANY, located at 1201 Hays Street, Tallahassee, FL 32301.

10. At all times material hereto, Debt Collector was performing debt collection owed to Debt Owner to satisfy Ms. Barrett's alleged debt.

11. At all times material hereto, Debt Collector was acting within the scope of an employee, representative, or agent on behalf of Debt Owner for purposes of collecting Ms. Barrett's alleged debt for Debt Owner.

12. As such, Debt Owner is responsible for the conduct of Debt Collector as its employee, representative, or agent.

13. Under information and belief, Debt Owner granted Debt Collector access to information and systems that normally would be within Debt Owner's exclusive control, including, but not limited to Ms. Barrett's information.

14. Under information and belief, Debt Owner allowed Debt Collector to enter Ms. Barrett's information into Debt Owner's sales or customer systems.

15. Under information and belief, Debt Owner gave Debt Collector authority to use the principal's trade name, trademark, or service mark.

16. Under information and belief, via a contractual relationship between the parties, Debt Owner had control or the ability to control Debt Collector's actions in attempting to collect Ms. Barrett's debt on behalf of Debt Owner.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Barrett v. Southern Finance Adjusters, Inc. and Fifth Third Bank*
Page **3** of **15**

## *Statements of Fact*

17. In or around early February of 2018, Debt Owner began contacting Ms. Barrett regarding an account opened by Ms. Barrett's late mother to finance Ms. Barrett's late mother's vehicle ("Account").

18. On February 28, 2018, Ms. Barrett called Debt Owner and explained that Ms. Barrett's mother had passed away and that Ms. Barrett does not owe the outstanding balance on the Account ("Debt").

19. That same day, Ms. Barrett also sent a written cease and desist letter to Debt Owner and enclosed a billing statement that identified the Account ("Cease and Desist Request"). *See* **Exhibit A.**

20. Ms. Barrett's Cease and Desist Request states, in relevant part, "I also informed you that I do not want to be contacted regarding any outstanding debts [my mother] may have with your company. Please accept this letter as my formal request for cease and desist." *See* **Exhibit A.**

21. On or around May 21, 2018, Debt Owner sold, assigned, or transferred the Account to Debt Collector for the purpose of debt collection and repossessing the vehicle that secured the vehicle loan on the Account. *See* **Exhibit B – Order of Repossession.**

22. Under information and belief, Debt Owner purposely failed to inform Debt Collector of Ms. Barrett's Cease and Desist Request.

23. Just two days after being assigned the Account, on May 23, 2018, Debt Collector terrified Ms. Barrett and her family by sending a repossession agent to Ms. Barrett's home address late in the evening in attempts to collect the vehicle ("Late Night Collection Attempt").

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Barrett v. Southern Finance Adjusters, Inc. and Fifth Third Bank*
Page **4** of **15**

24. During the Late Night Collection Attempt, Debt Collector's repossession agent remained outside of Ms. Barrett's home for at least twenty (20) minutes, repeatedly knocking and ringing Ms. Barrett's doorbell in connection with the collection of the Debt.

25. On June 21, 2018, Debt Collector again shocked and humiliated Ms. Barrett by sending its agent to Ms. Barrett's place of employment in attempts to collect the Debt.

26. Debt Collector's agent identified himself as "Milo Jackson," and spoke with at least two (2) of Ms. Barrett's co-workers in attempts to locate Ms. Barrett in connection with collection of the Debt.

27. Debt Collector's agent was not able to meet with Ms. Barrett at that time.

28. Debt Collector's agent, "Milo Jackson," returned a second time that afternoon to Ms. Barrett's place of employment and demanded that Ms. Barrett identify her mother, return the vehicle, and pay the Debt ("Employer Collection Attempt").

29. During the Employer Collection Attempt, Debt Collector's agent produced a business card with Debt Collector's information which identified himself as "Jaime Strausser," not "Milo Jackson," and explained that he was collecting the Debt on behalf of Debt Owner. *See* **Exhibit C.**

30. In early July, Ms. Barrett filed a complaint with the Ohio Department of Commerce regarding Debt Owner's continued debt collection attempts on Ms. Barrett.

31. Debt Collector's actions have harassed Ms. Barrett by causing her to endure humiliation and emotional distress.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Barrett v. Southern Finance Adjusters, Inc. and Fifth Third Bank*
Page **5** of **15**

32. Debt Collector's actions have interfered with Ms. Barrett's ability to perform her work and affected her reputation at her place of employment.

33. Debt Collector's actions have harassed Ms. Barrett due to the timing and frequency of each Debt collection attempt.

### Count 1: Violation of the Fair Debt Collection Practices Act ("FDCPA")
### (as against Debt Collector)

34. Ms. Barrett re-alleges paragraphs 1-33 and incorporates the same herein by reference.

35. Ms. Barrett is a "consumer" within the meaning of the FDCPA.

36. The subject debt is a "consumer debt" within the meaning of the FDCPA.

37. Debt Collector is a "debt collector" within the meaning of the FDCPA.

38. Debt Collector violated the FDCPA. Debt Collector's violations include, but are not limited to, the following:

   a. Debt Collector violated 15 U.S.C. § 1692c(a)(1) by communicating with Plaintiff outside of the hours of 8 a.m. and 9 p.m. by appearing at Plaintiff's home without Plaintiff's prior consent.

   b. Debt Collector violated 15 U.S.C. § 1692c(c) by contacting Ms. Barrett after Ms. Barrett had requested in writing that the Defendants cease communication with Ms. Barrett.

   c. Debt Collector violated 15 U.S.C. § 1692c(b) by contacting a third party, Ms. Barrett's place of employment, without the Ms. Barrett's prior consent.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Barrett v. Southern Finance Adjusters, Inc. and Fifth Third Bank*
Page **6** of **15**

    d. Debt Collector violated 15 U.S.C. § 1692d (2) and/or 15 U.S.C. § 1692f (1) by attempting to collect on a debt and/or amounts known to be illegitimate when Ms. Barrett told Debt Owner the Debt was owed by Ms. Barrett's deceased mother and not Ms. Barrett.

    e. Debt Collector violated 15 U.S.C. § 1692d by appearing at Ms. Barrett's home late at night and Ms. Barrett's place of employment in attempts to collect a Debt owed by Ms. Barrett's deceased mother, the natural consequence of which is to harass, oppress, or abuse Ms. Barrett.

    f. Debt Collector violated 15 U.S.C. § 1692f by using unfair and unconscionable means, including appearing at Ms. Barrett's home late in the evening and appearing at Ms. Barrett's place of employment, to collect or attempt to collect a Debt owed my Ms. Barrett's deceased mother.

39. As a result of the above violations of the FDCPA, Ms. Barrett has been subjected to illegal collection activities for which she has been damaged.

40. Debt Collector's actions have damaged Ms. Barrett by invading her privacy.

41. Debt Collector's actions have damaged Ms. Barrett by causing her embarrassment.

42. Debt Collector's actions have damaged Ms. Barrett by causing her emotional distress.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Barrett v. Southern Finance Adjusters, Inc. and Fifth Third Bank*
Page **7** of **15**

43. Debt Collector's actions have damaged Ms. Barrett by causing her aggravation.

44. Debt Collector's actions have damaged Ms. Barrett by harming her reputation.

45. Debt Collector's actions have damaged Ms. Barrett by causing her to lose sleep.

46. Debt Collector's actions have damaged Ms. Barrett by interfering with her work, including negatively affecting her reputation at her place of employment.

47. It has been necessary for Ms. Barrett to retain the undersigned counsel to prosecute the instant action, for which she is obligated to pay a reasonable attorney's fee.

48. All conditions precedent to this action have occurred.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against Debt Collector as follows:

> a. Awarding statutory damages as provided by 15 U.S.C. 1692k(a)(2)(A);
>
> b. Awarding actual damages;
>
> c. Awarding costs and attorneys' fees; and
>
> d. Any other and further relief as this Court deems equitable.

### *Count 2: Violation of the Florida Consumer Collection Practices Act ("FCCPA") (as against Debt Collector)*

49. Ms. Barrett re-alleges paragraphs 1-33 and incorporates the same herein by reference.

50. Debt Collector violated the FCCPA. Debt Collector's violations include, but are not limited to, the following:

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Barrett v. Southern Finance Adjusters, Inc. and Fifth Third Bank*
Page **8** of **15**

    a. Debt Collector violated Fla. Stat. § 559.72(17) by communicating with Ms. Barrett outside of the hours of 8 a.m. and 9 p.m., when Debt Collector's agent appeared at Ms. Barrett's home late in the evening in connection with the collection of the Debt.

    b. Debt Collector violated Fla. Stat. § 559.72(4) by contacting a third party, Ms. Barrett's place of employment, without Ms. Barrett's prior consent and without a final judgment.

    c. Debt Collector violated Fla. Stat. § 559.72(5) by disclosing to a person other than Ms. Barrett information affecting Ms. Barrett's reputation, when Debt Collector's agent appeared at Ms. Barrett's place of employment twice in connection with the collection of the Debt, with knowledge or reason to know that Ms. Barrett's place of employment does not have a legitimate need for the information.

    d. Debt Collector violated Fla. Stat. § 559.72(9) by attempting to collect on a debt and/or amounts known to be illegitimate when Ms. Barrett told Debt Owner the Debt was owed by Ms. Barrett's deceased mother and not Ms. Barrett.

51. As a result of the above violations of the FCCPA, Ms. Barrett has been subjected to unwarranted and illegal collection activities and harassment for which she has been damaged.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Barrett v. Southern Finance Adjusters, Inc. and Fifth Third Bank*
Page **9** of **15**

52. Debt Collector's actions have damaged Ms. Barrett by invading her privacy.

53. Debt Collector's actions have damaged Ms. Barrett by causing her embarrassment.

54. Debt Collector's actions have damaged Ms. Barrett by causing her emotional distress.

55. Debt Collector's actions have damaged Ms. Barrett by causing her aggravation.

56. Debt Collector's actions have damaged Ms. Barrett by harming her reputation.

57. Debt Collector's actions have damaged Ms. Barrett by causing her to lose sleep.

58. Debt Collector's actions have damaged Ms. Barrett by interfering with her work, including negatively affecting her reputation at her place of employment.

59. It has been necessary for Ms. Barrett to retain the undersigned counsel to prosecute the instant action, for which she is obligated to pay a reasonable attorney's fee.

60. All conditions precedent to this action have occurred.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against Debt Collector as follows:

    a. Awarding statutory damages as provided by §559.77, Fla. Stat.;

    b. Awarding actual damages;

    c. Awarding punitive damages;

    d. Awarding costs and attorneys' fees;

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Barrett v. Southern Finance Adjusters, Inc. and Fifth Third Bank*
Page **10** of **15**

  e. Ordering an injunction preventing further wrongful contact by the Defendants; and

  f. Any other and further relief as this Court deems equitable.

### *Count 3: Invasion of Privacy*
### *(as against Debt Collector)*

61. Plaintiff re-alleges paragraphs 1-33 and incorporates the same herein by reference.

62. Debt Collector intentionally or negligently interfered with the solitude, seclusion, or private concerns or affairs of Ms. Barrett by repeatedly and unlawfully attempting to collect a Debt owed by Ms. Barrett's deceased mother by appearing at Ms. Barrett's home late in the evening and appearing at Ms. Barrett's place of employment twice.

63. Debt Collector appeared at Ms. Barrett's home late in the evening which constitutes a physical intrusion of her private quarters.

64. All of Debt Collector's actions in appearing at Ms. Barrett's home address late in the evening and appearing twice at her place of employment were harassing, unreasonable, systematic, and continuous in number and were made despite Ms. Barrett's oral and written demands that Defendants stop communicating with her because the Debt was owed by Ms. Barrett's deceased mother.

65. All of Debt Collector's actions were done intentionally, willfully, and maliciously, invading Ms. Barrett's privacy.

66. Debt Collector's invasions of Ms. Barrett's privacy were a regular, repetitive, continuous, systematic, harassing and unreasonable collection effort that invaded Ms. Barrett's privacy.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Barrett v. Southern Finance Adjusters, Inc. and Fifth Third Bank*
Page **11** of **15**

67. Debt Collector's actions have damaged Ms. Barrett by invading her privacy.

68. Debt Collector's actions have damaged Ms. Barrett by causing her embarrassment.

69. Debt Collector's actions have damaged Ms. Barrett by causing her emotional distress.

70. Debt Collector's actions have damaged Ms. Barrett by causing her aggravation.

71. Debt Collector's actions have damaged Ms. Barrett by harming her reputation.

72. Debt Collector's actions have damaged Ms. Barrett by causing her to lose sleep.

73. Debt Collector's actions have damaged Ms. Barrett by interfering with her work, including negatively affecting her reputation at her place of employment.

74. Ms. Barrett has a reasonable expectation of privacy in her solitude, seclusion, and private concerns or affairs.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter judgment against Debt Collector as follows:

  a. Awarding actual damages; and

  b. Any other and further relief as this Court deems just and equitable.

### Count 4: Violation of the Florida Consumer Collection Practices Act ("FCCPA") (as against Debt Owner)

75. Plaintiff re-alleges paragraphs 1-33 and incorporates the same herein by reference.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Barrett v. Southern Finance Adjusters, Inc. and Fifth Third Bank*
Page **12** of **15**

76. At all times relevant hereto, Debt Owner was vicariously liable for the actions of Debt Collector.

77. Debt Collector violated the FCCPA. Debt Collector's violations include, but are not limited to, the following:

    a. Debt Collector violated Fla. Stat. § 559.72(17) by communicating with Ms. Barrett outside of the hours of 8 a.m. and 9 p.m., when Debt Collector's agent appeared at Ms. Barrett's home late in the evening.

    b. Debt Collector violated Fla. Stat. § 559.72(4) by contacting a third party, Ms. Barrett's place of employment, without Ms. Barrett's prior consent and without a final judgment.

    c. Debt Collector violated Fla. Stat. § 559.72(5) by disclosing to a person other than Ms. Barrett information affecting Ms. Barrett's reputation, when Debt Collector's agent appeared at Ms. Barrett's place of employment twice, with knowledge or reason to know that Ms. Barrett's place of employment does not have a legitimate need for the information.

    d. Debt Collector violated Fla. Stat. § 559.72(9) by attempting to collect on a debt and/or amounts known to be illegitimate when Ms. Barrett told Debt Owner the Debt was owed by Ms. Barrett's deceased mother.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Barrett v. Southern Finance Adjusters, Inc. and Fifth Third Bank*
Page **13** of **15**

78. Debt Owner violated the FCCPA. Debt Owner's violations include, but are not limited to, the following:

   a. Debt Owner violated Fla. Stat. § 559.72(7) by willfully continuing to collect the Debt through Debt Owners agent, Debt Collector, after Ms. Barrett sent the Cease and Desist Letter, which can reasonably be expected to abuse or harass Ms. Barrett.

   b. Debt Owner violated Fla. Stat. § 559.72(9) by attempting to collect on a debt and/or amounts known to be illegitimate when Ms. Barrett told Debt Owner the Debt was owed by Ms. Barrett's deceased mother.

79. As a result of the above violations of the FCCPA, Ms. Barrett has been subjected to unwarranted and illegal collection activities and harassment for which she has been damaged.

80. Debt Owner's actions have damaged Ms. Barrett by invading her privacy.

81. Debt Owner's actions have damaged Ms. Barrett by causing her embarrassment.

82. Debt Owner's actions have damaged Ms. Barrett by causing her emotional distress.

83. Debt Owner's actions have damaged Ms. Barrett by causing her aggravation.

84. Debt Owner's actions have damaged Ms. Barrett by harming her reputation.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Barrett v. Southern Finance Adjusters, Inc. and Fifth Third Bank*
Page **14** of **15**

85. It has been necessary for Ms. Barrett to retain the undersigned counsel to prosecute the instant action, for which she is obligated to pay a reasonable attorney's fee.

86. All conditions precedent to this action have occurred.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against Debt Owner as follows:

   a. Awarding statutory damages as provided by §559.77, Fla. Stat.;

   b. Awarding actual damages;

   c. Awarding punitive damages;

   d. Awarding costs and attorneys' fees;

   e. Ordering an injunction preventing further wrongful contact by the Defendant; and

   f. Any other and further relief as this Court deems equitable.

## DEMAND FOR JURY TRIAL

Plaintiff, **STACY BARRETT**, demands a trial by jury on all issues so triable.

Respectfully submitted this **August 24, 2018**,

/s/ Michael A. Ziegler
Michael A. Ziegler, Esq.
Florida Bar No. 74864
mike@zieglerlawoffice.com

Kaelyn Steinkraus, Esq.
Florida Bar No. 125132
kaelyn@zieglerlawoffice.com

Law Office of Michael A. Ziegler, P.L.
13575 58th Street North, Suite 129
Clearwater, FL 33760
(p)  (727) 538-4188
(f)  (727) 362-4778
*Attorneys and Trial Counsel for Plaintiff*

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Barrett v. Southern Finance Adjusters, Inc. and Fifth Third Bank*
Page **15** of 15